**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

CHOICE ELECTRONICS INC.,

                         Plaintiff,

     v.

MW CONCEPTS, INC.; KING EXIM LLC; SHIPEXPRESS LLC; MICROGIANT INC.; TPT GLOBAL LLC; AND DOES 1-10,

                         Defendants.

------------------------------------------------------------- x

**Civil Action No. 23-cv-2612**

**COMPLAINT AND JURY TRIAL DEMAND**

*Electronically Filed*

Plaintiff Choice Electronics Inc. ("Plaintiff"), by and through its counsel, hereby brings this Complaint against the above-named Defendants (collectively "Defendants"), and alleges as follows:

## NATURE OF THIS ACTION

1. This is an action for unfair competition, trademark infringement, and other relief arising under federal law, specifically 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and the state and common laws of the State of New York. Defendants' misappropriation of Plaintiff's CLOTHZEN trademark in connection with inferior products has caused, and will continue to cause, damage to Plaintiff's goodwill associated with its CLOTHZEN trademark.

2. In an effort to usurp Plaintiff's business, Defendants have advertised and sold products under Plaintiff's Amazon listing, which features Plaintiff's CLOTHZEN trademark and branded products. In particular, Defendants have advertised product including CLTOHZEN-branded products for purchase to consumers. However, when fulfilling orders, Defendants do not deliver any CLOTHZEN-branded products as advertised. Thus, consumers are confused and

-1-

misled, believing that they have purchased Plaintiff's product, yet do not receive the products shown in the listing.

3. Accordingly, through their unauthorized conduct, Defendants have created circumstances that are likely to cause, and have caused, consumer confusion, mistake, and deception to the detriment of consumers and the reputation and goodwill belonging to Plaintiff.

## PARTIES

4. Plaintiff is a corporation existing under the laws of the State of New York, with an address at 478 Albany Ave, Suite #5, Brooklyn, NY 11203.

5. On information and belief, Defendant MW Concepts, Inc. dba Amazon seller "LAST ITEMS" (Merchant ID: A3BLXRZSUYC5ZY) is an Indiana corporation having a place of business at 2622 East 151st St., Carmel, IN 46033.

6. On information and belief, Defendant King Exim LLC dba Amazon seller "Infitek" (Merchant ID: A1FWXMGABC25ST) is a New Jersey company having a place of business at 267 5th Ave, 1st Basement, New York, NY 10016.

7. On information and belief, Defendant Shipexpress LLC dba Amazon seller "SHIPEX" (Merchant ID: A27D5HFOAQ8BR1) is a New York company having a place of business at 4217 Austin Blvd., Island Park, NY 11558.

8. On information and belief, Defendant Microgiant Inc. dba Amazon seller "Orbit Mart" (Merchant ID: A1G5HZJBD8LJ0M) is a New York corporation having a mailing address at 118-21 Queens Blvd, Ste 418, Forest Hills, NY, United States, 11375 and has designated the New York Secretary of State as an agent for service of process.

9. On information and belief, Defendant TPT Global LLC dba Amazon seller "Sports-Zone" (Merchant ID: A25X3X2M7ZMM8J) is a California company having a place of business at 3340 Goodman Dr., Santa Ana, CA 92704.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this action pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331 and 1338. This Court also has supplemental jurisdiction over any claims herein arising under the laws of the State of New York pursuant to 28 U.S.C. § 1367 because the claims are so related to Plaintiff's federal claim that they form part of the same case or controversy.

11. Furthermore, Defendants are subject to general and specific jurisdiction in this Court, *inter alia*, because they conduct systemic and continuous business within this District and have committed at least some of the acts complained of herein within this District.

12. On information and belief, Defendants solicit business from and conduct business with New York residents by using the internet (through one or more fully interactive websites) to sell consumer retail goods to customers in New York, by accepting payments from New York residents, and by delivering infringing goods to residents of New York.

13. Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

14. Specifically, at all relevant times, Defendants were aware that Plaintiff resided in this District and that their illegal acts would cause harm to Plaintiff in New York. Specifically, Plaintiff's Amazon storefront identifies Plaintiff's place of business in Brooklyn, New York.

15. Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and Defendants are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

16. Plaintiff is a seller of consumer retail goods and is an authorized retailer of various third-party brands.

17. Plaintiff adopted the CLOTHZEN trademark in connection with consumer retail goods it sells.

18. The CLOTHZEN trademark is now the subject mark of Application Serial No. 97/408053 as applied to "Cleaning" (the "CLOTHZEN Mark").

19. A significant portion of Plaintiff's business is derived from the sale of products on Amazon.com through its "Computer Supplies (S/N Recorded)" storefront.

20. Since the formation of Plaintiff's Amazon storefront, Plaintiff has served thousands of customers and has invested significant efforts into building a successful and reputable storefront. Indeed, "Computer Supplier" holds a positive feedback rating.

21. Through its Amazon storefront, Plaintiff advertises, uses, and displays the CLOTHZEN Mark on its listings for various products, including bundles featuring products from third-party brands in combination with CLOTHZEN-branded products.

22. For example, Plaintiff's Amazon listing for Dyson-branded hair dryers (sold under Amazon ASIN B0BTQ1JTKX and B0BLTHPVWK) includes a cleaning cloth imprinted with the CLOTHZEN Mark:

-5-



23.     As a result of Plaintiff's continuous use of the CLOTHZEN Mark and the commercial success of products offered under this mark, Plaintiff has achieved substantial goodwill in the CLOTHZEN Mark. The public has come to know that consumer retail goods marketed under the CLOTHZEN Mark are of the highest quality and are associated with Plaintiff.

24.     The CLOTHZEN Mark has, therefore, become a valuable vehicle for the further development of Plaintiff's goodwill. This goodwill and recognition constitutes one of Plaintiff's most valuable assets. Accordingly, the integrity of the CLOTHZEN Mark is extremely valuable to Plaintiff and is crucial to the continued vitality and growth of its business.

25.     Defendants are competing providers of consumer retail goods on Amazon.com, operating under the above-referenced storefronts.

26.     Defendants advertise, offer for sale, and sell the same types of products as Plaintiff, and in many instances, identical products.

27.     Specifically, for example, like Plaintiff, Defendants advertise, market, offer for sale, and sell third-party Dyson-branded hair dryers (the "Accused Products").

28. However, in an effort to trade upon Plaintiff's goodwill, each of the Defendants have associated the Accused Product with Plaintiff's Amazon listing for Plaintiff's Bundle that includes Dyson-branded hair dryers in combination with a CLOTHZEN cleaning cloth. Representative examples are provided below:



29. On information and belief, unlike the product bundle advertised, marketed, promoted, offered for sale and sold by Plaintiff, Defendants' Accused Products do not contain Plaintiff's CLOTHZEN-branded cleaning cloth.

30. Consumers make purchasing decisions, in significant part, based upon the brands, advertising, trademarks, and images that appear in Plaintiff's Amazon listings. As such, consumers expect to receive the CLOTHZEN-branded products actually displayed and itemized in the Amazon listing. However, consumers do not receive the product they intended to purchase.

31.  Defendants' offer and promotion of the Accused Product under Plaintiff's Amazon listing and unauthorized use of the CLOTHZEN Mark—thereby representing to customers that the products they are selling are the same as those advertised, marketed, promoted, offered for sale, and sold by Plaintiff—falsely designates the source of the goods in a manner that is likely to cause confusion, mistake, or deception among consumers as to the origin, sponsorship, or approval of these goods, and improperly trades off the goodwill established by Plaintiff.

32.  Consumers familiar with Plaintiff's goods are likely to assume, incorrectly, that Defendants' goods provided under the CLOTHZEN Mark originated with Plaintiff or that there is an affiliation between the parties, or that Plaintiff has sponsored, endorsed, or approved Defendants' goods.

33.  Defendants' actions have detrimentally impacted Plaintiff's sales on Amazon, harming the stability and overall health of the "Computer Supplies" storefront—a significantly profitable portion of Plaintiff's business.

34.  Thus, Defendants' offering of its goods in connection with the CLOTHZEN Mark creates serious and irreparable injury to Plaintiff.

35.  Accordingly, Defendants, by the acts complained of herein, have infringed and continue to infringe Plaintiff's CLOTHZEN Mark, and otherwise improperly usurp the reputation and goodwill of Plaintiff to promote their competitive products, which are not connected with, authorized, approved, licensed, produced, or sponsored by Plaintiff.

36.  The natural, probable and foreseeable results of Defendants' wrongful conduct have, and will continue, to deprive Plaintiff of the benefit of its right to use its CLOTHZEN Mark and the associated goodwill.

37.     The aforesaid acts of Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss, and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

### COUNT I – FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

38.     Plaintiff realleges and incorporates all previous paragraphs.

39.     Defendants have deliberately and willfully attempted to trade upon Plaintiff's goodwill in its CLOTHZEN Mark and the reputation established by Plaintiff in connection with its products in order to confuse consumers as to the original and sponsorship of Defendants' goods.

40.     Defendants have advertised their products under Plaintiff's CLOTHZEN Mark and Amazon listing, and ultimately delivered orders made under this listing with different and inferior products and/or without an advertised product.

41.     Defendants' unlawful and improper use of the CLOTHZEN Mark on goods through identical channels of commerce is causing, and is likely to continue to cause, confusion, mistake or deception as to the source, origin or sponsorship of Defendants' goods, and to falsely mislead others into believing that Defendants' goods are affiliated or connected with, or are licensed, sponsored, authorized, approved, or sanctioned by Plaintiff.

42.     The above-described acts of Defendants constitute trademark infringement of the CLOTHZEN Mark, unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

43.     By reason of the above-described acts of Defendants, Plaintiff has suffered damage to the goodwill associated with the CLOTHZEN Mark.

44. The above-described acts of Defendants have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

45. Moreover, Defendants' unauthorized and tortious conduct has deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its goods marketed under the CLOTHZEN Mark, placing the valuable reputation and goodwill of Plaintiff into the hands of Defendants, over whom Plaintiff has no control.

46. Plaintiff has been harmed and will continue to be harmed by Defendants' infringement of its common law trademark rights unless Defendants are enjoined from further use of the CLOTHZEN Mark.

47. By reason of Defendants' acts, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

48. Because the above-described acts of Defendants were willful, Plaintiff is entitled to damages, and those damages should be trebled under 15 U.S.C. § 1117.

### COUNT II – NEW YORK COMMON LAW UNFAIR COMPETITION

49. Plaintiff realleges and incorporates all previous paragraphs.

50. This is a claim for unfair competition, arising under the common law of the State of New York.

51. Defendants, by their acts alleged above, have willfully, knowingly, and intentionally engaged in acts constituting unfair competition and trademark infringement under the common law of the State of New York.

52. Defendants' unlawful and improper use of the CLOTHZEN Mark constitutes infringement of Plaintiff's rights in its common law CLOTHZEN Mark and tends to falsely describe or represent that Defendants' goods are provided, sponsored, approved, or licensed by Plaintiff and are of the same quality as the goods of Plaintiff.

53. Due to Defendants' conduct, Plaintiff has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of actual damages that would afford Plaintiff adequate relief at law for Defendants' acts and continuing acts. Plaintiff's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants. Accordingly, Plaintiff is entitled to injunctive relief.

54. Defendants' conduct has been intentional and willful and in conscious disregard of Plaintiff's rights and, therefore, Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A. That the Court enter a judgment against Defendants that Defendants have:

   i. Infringed the rights of Plaintiff in the CLOTHZEN Mark in violation of 15 U.S.C. § 1125(a); and

   ii. Engaged in trademark infringement and unfair competition in violation of New York common law.

B. That each of the above acts was willful;

C. That the Court preliminarily and permanently enjoin and restrain Defendants and their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

      i. Engaging in any infringing activity including advertising, promoting, marketing, franchising, selling, and offering for sale any goods or services in connection with the CLOTHZEN Mark or any similar mark;

      ii. Engaging in any activity that lessens the distinctiveness of the CLOTHZEN Mark;

      iii. Falsely designating the origin, sponsorship, or affiliation of the Defendants' goods in any manner;

      iv. Otherwise unfairly competing with Plaintiff; and

      v. Continuing to perform in any manner whatsoever of the acts complained of herein.

D. That Plaintiff be awarded damages for Defendants' acts of trademark infringement and unfair competition and that those damages be trebled due to Defendants' willfulness in accordance with the provisions of 15 U.S.C. § 1117.

E. That Plaintiff be awarded all of Defendants' gains, profits, and advantages derived by it from the unlawful activities alleged herein.

F. That Plaintiff be awarded exemplary or punitive damages in an amount appropriate to punish Defendants and make them an example to the community.

G. That Plaintiff be awarded all of its litigation expenses, including but not limited to its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, New York law, and any other applicable provisions of la, and other costs and fees incurred in this Action.

H. That the Court award such other and further relief as the Court shall find just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests trial by jury on all issues so triable.

Dated: April 5, 2023            Respectfully submitted,

                                         TARTER KRINSKY & DROGIN LLP

                                         By: *s/ Mark Berkowitz*
                                                Mark Berkowitz
                                                Chandler E. Sturm
                                                1350 Broadway
                                                New York, NY 10018
                                                Tel.:    (212) 216-8000
                                                Fax:    (212) 216-8001
                                                E-mail: mberkowitz@tarterkrinsky.com
                                                E-mail: csturm@tarterkrinsky.com

                                                ***Attorneys for Plaintiff Choice Electronics Inc.***